# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| PAM FUSCO, | CASE NO. 5:23-cv-11146 |
| And, | _____ |
| NANCY RUSSELL | |
| And, | Hon. Nancy G. Edmunds |
| HANNAH SOHNLE | Jury Trial [ Yes ] |
| Plaintiffs, | |
| vs. | |
| AMBER ROSS<br>In her individual and official capacities, | |
| And, | |
| AR, a Minor | |
| And, | |
| d/b/a<br>STRONG WATER MALAMUTES, AKC Breeder<br>(an unregistered entity headquartered in Texas) | |
| Defendants.<br>_____/ | |

Eric J. Fernandez Law Offices, PLLC
Eric J. Fernandez, Attorney for Plaintiffs
(OH-SC#:0067104)
P.O. Box 1997
Post Falls, ID 83877
513-426-3247
Ejf.esq@gmail.com
_____/

## **COMPLAINT FOR A CIVIL TORT CASE**

Plaintiff Pam Fusco, individually, by and through her attorney, Eric J. Fernandez, hereby complains against Defendants AMBER ROSS, AR, a minor, and d/b/a STRONG WATER MALAMUTES "AKC" BREEDER, pursuant to Michigan's common law MCL 600.2911, and in support thereof states:

I.   **The Parties to this Complaint**

    A.    **The Plaintiff(s)**

        Pam Fusco
        3451 S Grosvenor Hwy.
        Palmyra, Lenawee County
        Michigan, USA 49268
        Telephone Number: 734-957-6200
        E-mail address:  presamca@gmail.com

        NANCY RUSSELL
        Address: 601 Big Horn Drive
        Walsenburg, CO 81089
        Telephone: 719-738-1377
        Email address: NancyStormKloud@gmail.com

        HANNAH SOHNLE
        Address: 2463 N 67th St.,
        Wauwatosa, WI 53213
        Telephone: 414-218-5862
        Email address: Hmsohnle@icloud.com

    B.    **The Defendants**

        **Defendant No. 1**
        AMBER ROSS
        802 Alta St.
        Longview, Green County
        Texas 75604-1004
        Telephone Number: 903-261-4128
        E-mail address: strongwatermalamutes@yahoo.com

**Defendant No. 2**
AR, a minor
c/o Defendant No. 1, AMBER ROSS, Guardian Parent
802 Alta St.
Longview, Green County
Texas 75604-1004

**Defendant No. 3**
d/b/a STRONG WATER MALAMUTES
c/o Defendant No. 1, AMBER ROSS, Agent Representative
802 Alta St.
Longview, Green County
Texas 75604-1004

II. **Basis for Jurisdiction**

Diversity of Citizenship, under 28 U.S.C. § 1332, and the amount at stake is more than $75,000. Plaintiffs and Defendants are from another state.

A. Basis for Jurisdiction under Diversity of Citizenship

  i. Plaintiff Pam Fusco is a citizen of the State of Michigan.

  ii. The Defendants are citizens of Texas, and their business is headquartered in Texas.

  iii. The nexus or events that is part of this chain of causation started in Colorado, accrued in Michigan, and damaging false statements were seen by third persons across in Michigan and across the nation via Facebook and other social media publication platforms.

B. The Amount in Controversy

The amount the plaintiff claims defendants owe or is at stake is more than $75,000, not counting interest and costs of court, because Defendant(s) spoken

and published false statements regarding the plaintiff(s), have defamed the plaintiffs' character, damaged her/their honor and reputation, and unnecessarily caused plaintiffs' harm, to them individually, and to their careers, reputation, and business.

### III. Statement of Claim

A. Defendant(s) made statements that were false in some material respect, complained of to a third person that were complained of with bad faith or ill will through spoken words, written words, and publications on social media, that was of and concerning the plaintiff(s).

B. The Defendant(s) had or should have known the statements were false or were reckless disregard as to the whether the statement was false.

C. The Statements made by the Defendants had the tendency to harm the plaintiff(s) individually, their profession, career, and businesses.

D. The plaintiff(s) suffered some damage as a result of the Defendants' statements and aggressive acts, especially, against plaintiff Pam Fusco position as president of the Alaskan Malamute Club of America (AMCA) and Nancy Russell, as the presiding AKC Judge.

E. These acts caused incremental or increased injury to feelings attributable to the sense of indignation and outrage experienced by the plaintiff(s) caused by the defendants' alleged bad faith or ill will?

F. Before starting this lawsuit, plaintiff did give notice to the defendants to cease and desist and publish a retraction; and did allow the defendant(s) a reasonable time to do so.

G. Defendants have not made a retraction as requested in the attached Exhibit "A", as of the date of this filing. *See attached Exhibit A001-006, Plaintiff Pam Fusco's Notice to Cease and Desist and Retraction request issued February 24, 2023, and Confirming receipt.*

IV. **Summary of Parties**

A. Plaintiff Pam Fusco is the duly elected sitting president of the Alaskan Malamute Club of America.

B. AMCA is a worldwide club with close to 700 members and is the only parent club of the Alaskan Malamute recognized by the AKC.

C. Pam Fusco has served as its active president for the past 4 years and has brought the AMCA club international recognition through its breeder competitions and recognizable champions as well as success to its member breeders.

D. Plaintiff Nancy Russell is an AKC certified and highly respected judge of AKC Working breeds and Non-Sporting Breeds, as well as others. Ms. Russell has been a Malamute breeder since 1966 and AKC judge of Alaskan Malamutes and Junior Showmanship since 2001.

E. Ms. Russell dedication to the breed has taken her to the top of the world when a team of Alaskan Malamutes owned by her, that were also show dogs, competed in the 1994 Iditarod Race in Alaska, bringing great attention and fame to breed.

F. Plaintiff Hannah Sohnle is a respected award-winning handler and member of the AMCA. Hannah holds top awards for showing malamutes. Hannah was the handler of the hound dog named Wizard, who entered the junior class ring

dressed in Alaskan Malamute costume. This was done for fun, as a joke on the Judge Ms. Russell, to entertain the members and fans during the 2022 National Specialty show, in which the hound dog's costume is the nexus to the chain of causation of this litigation. *See plaintiff Exhibit B-005 _ Photo of Wizard the Ibizan hound dog in the ring with his Alaskan Malamute costume.*

G. Defendant Amber Ross ("Ross") is an AMCA member based out of Livingston Texas, and she is the parent and guardian of the AR, a minor and junior handler. Amber Ross does business and enters contracts to sell puppy malamutes d/b/a Strong Water Malamutes "AKC" Merit Breeder.

H. Strong Water Malamutes AKC Breeder is an unregistered entity that is headquartered out of Texas, enters contracts, and sells dogs for profit in Michigan, and other states across the country, as well as competes at AMCA sanctioned events, such as the 2022 National Specialty show. *See Exhibit "F001" Texas business search.*

I. AR, A minor ( Junior show dog handler ), son of Amber Ross, was competing at the November 2022 National Specialty Show as a junior handler with his show malamute named Scarlett, which was owned by Strong Water Malamute Kennel, AKC Breeders.

V. **General allegations, chain of causation, and what each defendant did that caused the plaintiff (s) harm.**

A. On or about November 5th, 2022, Plaintiff Pam Fusco, as acting president supervised the AMCA sponsored National Specialty Dog Show that was held at Estes Park in Colorado, USA.

B. During the November 2022 National Specialty Show, members from around the world gathered to attend this annual show and AMCA members' meeting.

C. During the November 2022 National Show, AMCA members, which included judges, handlers, owners, and breeders all come together to meet and compete at this annual AMCA show.

D. The plaintiffs and defendants were all in attendance at the specialty show and participated in the show and competition, in their respective roles.

E. The dog show portion activities included an open junior class competition, which that day had three kids entered with their dogs to be judged, one of which was the defendant, AR showing his Alaskan malamute, Scarlett.

F. The AMCA club history has traditionally accepted members playing jokes on judges from time to time during these show events, where in the past, there was a goat brought in the ring as a joke on the judge, and at a prior year's National, a member brought a duck on a leash, which all is meant to be in fun, get laughs and entertain the members and fans at the show.

G. At the 2022 National show, to play a joke on the plaintiff, Judge Russell, an Ibizan hound dog named Wizard, owned by the Plaintiff Pam Fusco, handled by the plaintiff, Hannah Sohnle, entered the ring during the junior judging portion of the show dressed-up in an Alaskan Malamute costume.

H. Prior to Hannah entering the ring with Wizard, the three (3) junior competitors, which included AR, were asked it if was alright with them for her to take the Ibizan hound dog dressed as a malamute in the ring for a playful joke on the judge, Ms. Russell. All agreed included AR.

I. Judge Russell recognized the crowd was gathering for the joke at play in the ring, so to play along, she examined the hound dog in costume as if it was a malamute, which was recognized and accepted as evidenced by the crowds' laughter and enjoyment, except for the Defendants herein.

J. The hound dog Wizard experienced some wardrobe malfunctions during the walk in the ring which caused him to fidget in the costume as he walked around of the ring.

K. AR, a competitor in the juniors' portion was also in the ring showing his experienced malamute, Scarlett.

L. Judge Russell watched the three junior handlers set up their dogs, the hound dog in costume was 30 feet or more from the junior AR and his dog.

M. AR was observed getting aggressive and heavy handed when attempting to gain control over his dog Scarlett, which did not help his showmanship.

N. Upon completion of the judging AR placed 3rd, behind KS, a minor handler, and SP, a minor handler.

O. AR was seen rolling his eyes, stomped his feet, and in tantrum-like behavior uttered loud enough for those in ear shot, including the other minors in the ring, to be offended by his words:

> AR was heard saying *"it's that stupid f\*\*\*ing dog's fault and she (Hannah) is a f\*\*\*ing c\*\*t"*.

P. Amber Ross, after seeing her son AR stomp around uttering profanities in disgust over AR's loss, directed her anger on everyone involved in the joke.

Q. Amber complained to the Show Chair, Rob Pratt, who apologized to Amber Ross.

R. Amber Ross thereafter filed written complaints to both the American Kennel Club (AKC) and to the AMCA board where she accused the plaintiffs to be in violation of club rules for "pulling the prank", which regrettably included false and misleading statements about the plaintiffs which exaggerated the event facts which has cause harm to the plaintiffs and in their respective careers. *See Exhibit B001-007. Amber Ross Complaint to AKC and AMCA.*

S. Amber Ross's complaints and publications which has harmed the plaintiffs included, but not limited to the following false statements about the plaintiff(s):

1) The plaintiff(s) "allowed a MONSTER in the ring with the Juniors."

2) This "ruined ANY CHANCE AR had for exhibiting his dog well."

3) "AR, as a young junior, was doing everything he could to maintain control of [Scarlett]".

4) "Upon AR exited the ring, he went to Hannah Sohnle crying and said, 'Promise me you will never do that again.'"

5) "He [AR] left the ring in absolute tears. Not because he lost but, because and I quote 'They took the only chance I had away from me!'"

6) "He was crying because he was denied being able to "DO HIS BEST," by a bunch of adults who thought pulling a prank during a children's event at the National Specialty was appropriate".

7) "Alaskan Malamutes have a deeply ingrained prey drive which this action triggered in Scarlett."

      8) "This created a VERY dangerous situation for every child and dog in that ring".

      9) "The NEWEST FALSE STATEMENT is HE WAS ASKED if it would be ok for a non-entered dog, dressed in costume"… to enter the ring." "HE (AR) also states 'this conversation never took place'".

      10) See Generally Exhibits "D001-005" – Publications were made by Amber Ross with reckless disregard of whether or not it was false.

      11) "Seeing a dog running around the ring on three legs yelping all while disrupting a class designed for Children, not only shows mistreatment of an animal, it is absolutely detrimental to the sport, my child, and that any new family attending the show would have found in poor taste and decided this sport was "not for them." *See Exhibit "B001", Amber Ross Complaints to the AKC and AMCA.*

T.    Amber Ross's complaint to the AKC was denied review, and her complaint to the AMCA was dismissed for procedural reasons, which dismissal cited:

      i. AMCA Article VI Section 2., provides that all complaints against Club members are to be considered privileged communication. This was improperly handled. The complaint was sent around to various individuals, and the Board member meeting discussion minutes about the complaint were posted on Facebook which were blatant breach of confidentiality and violation of our Club By-Laws.

U. Plaintiff(s) alleged that Amber Ross refusing to accept the dismissal of her AMCA complaint put undue influence on AMCA board members to push her complaint, while negligently publishing public posts criticizing the plaintiffs'

actions which incited AMCA members to assault the plaintiffs directly and indirectly causing them harm.

V. The fallout from Amber Ross's actions, publicly smearing the plaintiffs and pushing her complaint has caused several board members to resign.

W. It is alleged that Amber Ross's initiated, pushed, or created a false petition under the guise of a fake AMCA email address, (AMCAPetiton@gmail.com), which was sent out to all members under a hacked AMCA members list, which included false statement about the Plaintiff, Pam Fusco, and was attacking her presidential decisions. *See Exhibit "C"-Public discussion group regarding the origin of the petition and supporting statement by the unknown Author.*

X. It is alleged that Amber Ross has colluded with others who have authored or contributed to this civil libel action, which through discovery may include but not limited to Steve Anderson, Stacey Moore, and Suzanne Bedell, jointly liable whether joined as defendants or not. MLS 600.2911(4). Their statements and publication about the plaintiffs continue to harm the plaintiffs' character.

Y. This type of online bulling is repetitive of Amber Ross's actions d/b/a Strong Water Malamutes, she has a history slandering other Michigan residence via Facebook or other publications.

Z. Amber Ross d/b/a Strong Water Malamutes entered a contract with a Michigan resident (Janet Manthei Loane) for the sale of an Alaskan Malamute puppy named Klaus, which unfortunately, was required to be euthanized due to his untrainable aggressive and possibly dangerous behavior by 7 months old. For demonstration of other slanderous actions by Amber Ross. *See attached*

> *Exhibit "E001 & E002", Amber Ross's publication post following the euthanasian of Klaus.*

AA. Through this publication made by Amber Ross regarding a Michigan resident it became apparent why Amber Ross believes that her Strong Water Malamute may be dangerous, a Michigan resident had to Euthanize a 7-month-old Strong water malamute for that very reason.

BB. Amber Ross d/b/a Strong Water Malamutes is not registered to do business in the State of Michigan or Texas.

CC. The communication or publication intentionally made by the defendant(s) contain false statements about the plaintiff(s) and other Michigan residents which other slanderous words of like import to show malice.

DD. The alleged false statements caused the lowering of the plaintiff's reputation and exposed the plaintiff(s) to some form of shame, hate, contempt, or ridicule, which required the need to defend their reputation.

## VI    Relief

A. Plaintiff hereby incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

B. Plaintiff(s) respectfully request this court find judgment in favor of the Plaintiffs for the following:

   a. Defendant(s) made statements that were false in some material respect, complained of to a third person that were complained of with bad faith or ill will through spoken words, written words, and

      publications on social media, that was of and concerning the plaintiff(s).

b. The Defendant(s) had or should have known the statements were false or were reckless disregard as to the whether the statement was false.

c. The Statements made by the Defendants had the tendency to harm the plaintiff(s) individually, their profession, career, and businesses.

d. The plaintiff(s) suffered some damage as a result of the Defendants' statements and aggressive acts, especially, against plaintiff Pam Fusco position as president of the Alaskan Malamute Club of America (AMCA).

e. These acts caused incremental or increased injury to feelings attributable to the sense of indignation and outrage experienced by the plaintiff(s) caused by the defendants' alleged bad faith or ill will?

f. Before starting this lawsuit, plaintiff did give notice to the defendants to cease and desist and publish a retraction; and did allow the defendant(s) a reasonable time to do so?

g. Defendants have not made a retraction as requested in the attached Exhibit "A", as of the date of this filing.

h. Defendants are liable to Plaintiff(s) for defamation of character under Michigan common law and pursuant to MCL 600.2911.

i. That as a direct and proximate result of Defendants' defamation of character, Plaintiff(s) have suffered damages including, but not limited to injury to their name, loss of reputation, lost wages, loss of

earning capacity, emotional distress in excess of $75,000, actual, exemplary, and punitive damages, and attorney fees as allowed by statute.

### VII  Jury Demand

Plaintiff hereby demands a trial by jury of the within cause.

Respectfully,

Eric J. Fernandez Law Offices, PLLC

/s/ Eric J. Fernandez                .
By: Eric J. Fernandez, (OH-0067104)
Attorney for Plaintiffs

Dated: May 15, 2023

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
PAM FUSCO, NANCY RUSSELL AND HANNAH SOHNLE

## DEFENDANTS
AMBER ROSS, AR, A MINOR AND d/b/a STONG WATER MALAMUTES

**(b)** County of Residence of First Listed Plaintiff: LENAWEE
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: GREEN CNTY, TX
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
ERIC J. FERNANDEZ ATTORNEY AT LAW
PO BOX 1997, POST FALLS, IDAHO 83877
513-426-3247

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [x] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [x] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**TORTS — PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**PRISONER PETITIONS — Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [ ] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C 1332

Brief description of cause:
MCL 600.2911 ACTION FOR LIBEL AND SLANDER

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 75,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: May 15, 2023
SIGNATURE OF ATTORNEY OF RECORD: /s/ *Eric J. Fernandez, Esq.*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

PURSUANT TO LOCAL RULE 83.11

1. Is this a case that has been previously dismissed? ☐ Yes ☒ No

    If yes, give the following information:

    Court: _____

    Case No.: _____

    Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.) ☐ Yes ☒ No

    If yes, give the following information:

    Court: _____

    Case No.: _____

    Judge: _____

    Notes : _____