IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

PAM FUSCO,                             CASE NO. 23-cv-11146

NANCY RUSSELL,                 Honorable Nancy G. Edmunds

and

HANNAH SOHNLE,

             Plaintiffs,

vs.

AMBER ROSS,

AR, a Minor, [by Amber Ross],

and

[Amber Ross, Member]
d/b/a
STRONG WATER MALAMUTES,

             Defendants.
_____/

Eric J. Fernandez Law Offices, PLLC
Eric J. Fernandez, Attorney for Plaintiffs
(OH-SC#:0067104)
P.O. Box 1997
Post Falls, ID 83877
513-426-3247
Ejf.esq@gmail.com
_____/

## PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE

Plaintiffs, Pam Fusco, Nancy Russell, and Hannah Sohnle, by and through their attorney, Eric J. Fernandez, for their Response to this Court's May 19, 2023, Order to Show Cause, state as follows:

On May 19, 2023, this Court ordered plaintiffs to SHOW CAUSE in writing why this case should not be dismissed for lack of federal jurisdiction, specifically the lack of complete diversity of parties as required by 28 U.S.C. § 1332(a).

As outlined below, plaintiffs can reasonably demonstrate that the Court does have federal jurisdiction as required by 28 U.S.C. § 1332(a), because the Plaintiffs and the Defendants, including the member of the Defendant, d/b/a Strong Waters Malamutes, are citizens of different states, and it is more likely than not that Plaintiffs' damages will exceed $75,000 if defendants are found liable.

**I.   Does Complete Diversity Exist Between the Parties?**

    **A.   Strong Water Malamutes State of Citizenship by its member(s).**

        The Court's issue: "Plaintiffs stated that Strong Water Malamutes is an unregistered entity headquartered in Texas but did not provide the citizenship of its members and sub-members."

    **B.   Standard of Review.**

        *Delay v. Rosenthal Collins Grp., Inc.*, 585 F.3d 1003,1005 (6th Cir. 2009) ("The general rule is that all unincorporated entities . . . have the citizenship of each partner or member.").

    **C.   Establishment of Strong Waters Malamutes Member's Citizenship.**

As indicated in Exhibits "A001-A004", is the Google internet search results conducted by plaintiffs' counsel, searching "Strong Water Malamutes", which produced

the exhibited publications that appear to be authored in a first-person context where the defendant, Amber Ross, refers to herself as the owner of Strong Water Malamutes and declares its operations to be located in Longview, Texas, and that she has been a resident of Texas for over 23 years.

    **D.**    **Nancy Russell and Hannah Sohnle Citizenship.**

        1. As indicated in Exhibit B, Plaintiff Nancy Russell declares her citizenship to be in Walsenburg, Colorado, USA.

        2. As indicated in Exhibit C, Plaintiff Hannah Sohnle declares her citizenship to be in Wauwatosa, Wisconsin, USA.

    **E.**    **Satisfaction of Diversity Prong**.

In satisfaction of their diversity allegations, plaintiffs submit for the record exhibits A001-A004, B & C, to establish Strong Water Malemutes' member, Amber Ross is a citizen of Texas, and Plaintiffs respectfully, citizens of Michigan, Colorado, and Wisconsin. For that reason, diversity in citizenship exists between the parties in accordance with 28 U.S.C. § 1332(a).

**II.**    **Does the Amount In Controversy meet the jurisdictional amount requirement as set forth in 28 U.S.C. § 1332(a)?**

    **A.**    Yes, as discussed infra, <u>when determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered</u> … unless it is apparent to a legal certainty that such cannot be recovered. *Hayes v. Equitable Energy Resources Co., 266 F.3d 560, 572 (6th Cir. 2001)*. In light of this legal foundation and three plaintiffs in the present case, the amount in controversy more likely than not will exceed $75,000.00.

### B.     Factual Rationale In Support

The plaintiffs have alleged from their experiences, that the defendants' actions were done with bad faith or a malicious attempt to destroy the character and livelihoods of the plaintiffs, which has caused incremental or increased injury to their feelings attributable to the sense of indignation and outrage experienced by the plaintiff(s) caused by the defendants' alleged bad faith or ill will. Much of the plaintiffs' damages and losses is not directly traceable to receipt but allege that in addition to their pecuniary damages associated herewith, that the damages continue daily in some form or another through measurable lost opportunities in their life's passions and professions, which are directly and indirectly connected to the action of the defendant, herein. *See Exhibits H, I, & J, Plaintiff's affidavits of fact.*

### C.     Relevant Fact Associated with the Alleged Bad Faith Ill Will.

Before starting this lawsuit, plaintiff(s) did give notice to the defendants to cease and desist and publish a retraction; and did allow the defendant(s) a reasonable time to do so. *See Complaint Exhibit A., Notice to defendant(s) with request for redaction.*

However, rather than publish a retraction, defendant, Amber Ross, allegedly created, pushed, incited, or joined with others to create an imposter and misleading email address under the name AMCAPetiton@gmail.com, as if it was a legitimate club email. The imposter email address was used to anonymously email to hundreds of AMCA members a petition along with an explanation of charges about the Plaintiff, Pam Fusco, which contained false or misleading information. The anonymous unsigned email requested the members to sign the petition for Pam Fusco to be removed from her position as president of the AMCA because of the defendants' actions surrounding this event with the club. *See attached Exhibit D001-D007, emailed petition and cover statement with public comments on social media.*

### D. Repetitive Libelous Behavior by Defendant

Further, as alleged in the complaint, other relevant repetitive libelous behavior by the defendant is known to have been done onto another Michigan resident, Janet Manthei. Janet's incident with the defendant is relevant under Michigan case law since 1892, when the Supreme Court of Michigan determined this repetitive behavior is relevant in defamation cases to show malice, where the Court opined in, *Cadwell v. Corey, 91 Mich. 335, 51 N. W. 888 (Mich. 1892),* that:

> "<u>repetitions of a slander tend to show malice</u>, and plaintiff cannot be deprived of the right to make the showing because he has counted upon such repetition."

The Court rationalized its decision where it stated:

> "It is well settled that, in an action for slander, plaintiff, after proving the words alleged, may give in evidence other slanderous words of like import, to show malice, or may show a repetition of the slander in aggravation of damage; nor does the rule limit the evidence to verbatim repetitions, but allows proof of "substantially similar slanders likely to make the same impression on the community." *See Exhibit E, Cadwell v. Corey, 91 Mich. 335, 51 N. W. 888 (Mich. 1892) Citing Thompson v. Bowers, 1 Doug. (Mich.) 321; Leonard v. Pope, 27 Mich. 145; Fowler v. Gilbert, 38 Mich. 292; Brown v. Barnes, 39 Mich. 211.*

In Janet Manthei case, she allegedly entered a contract to purchase a puppy malamute from the defendant Strong Water Malamutes, but when the puppy was untrainable, and after spending four-thousand dollars on training, Janet felt threatened by the animal, so she made the hard choice to euthanize the puppy which caused the defendant to publicly degrade Janet when she published a "Do not sell to Janet Manthei" on a social network page that was seen by other members which included harsh, false statements about Janet, and Janet's alleged breach of contract. *See Exhibit F, post made by Defendant of or about Janet Manthei.*

### E. Jurisdictional Amount in Controversy Legal Rationale.

In the present case, plaintiffs cite MCL 600.2911 as legal authority for their suit, and assuming, arguendo, Plaintiffs' allegations in their complaint are proven by a preponderance, and the defendants found liable, plaintiffs could receive relief through exemplary and punitive damages. It is probable that a verdict in favor of the plaintiffs be returned by the jury that includes exemplary and punitive damages and is likely the plaintiff will receive a substantial award of damages, that may be greater than $75,000.

> Specifically at 2911(2)(b), it provides that exemplary and punitive damages shall not be recovered in actions for libel <u>unless the plaintiff, before instituting his or her action, gives notice to the defendant to publish a retraction and allows a reasonable time to do so</u>. The "notice" was given. *Plaintiff incorporates herein their Complaint and the Complaint Exhibit A, notice sent to the defendant before instituting this action.*

This Court and the Sixth Circuit Court have held:

> "Where the sum claimed in the complaint is unspecified, "the PLAINTIFF satisfies its burden when it proves that the amount in controversy "more likely than not" exceeds $75,000." *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006), (citing *Gafford v. General Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993)). This burden has also been characterized as "a preponderance of the evidence." *Hayes v. Equitable Energy Resources Co.*, 266 F.3d 560, 572 (6th Cir. 2001). "When determining the jurisdictional amount in controversy in diversity cases, **punitive damages must be considered** … unless it is apparent to a legal certainty that such cannot be recovered." *Hayes*, 266 F.3d 560, 572 (6th Cir. 2001) (quoting *Holley Equip. Corp. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987)). (Emphasis added), See Exhibit G, *Lauderdale v. Wells Fargo Home Mortgage, et al.,* No. 10-CV-13229, 2010 U.S. Dist. LEXIS 121595 (E.D.Mich. Nov. 17, 2010)

> <u>Under Michigan law, exemplary damages are allowed for tortious conduct</u>. *Kewin v. Massachusetts Mut. Life Ins. Co.*, 409 Mich. 401,

419, 295 N.W.2d 50, 55 (1980). <u>Thus, it is legally possible for Plaintiffs to recover exemplary damages in addition to actual damages, and such an award may exceed $75,000</u>. *See Hayes*, 266 F.3d at 573 (holding "that a fair reading of the unspecified and unliquidated damages sought by Plaintiffs provided that more than $75,000 was in controversy.").

F. A Life Motto by Robert Lacey regarding the value of someone's "Character."

"Always in life carry this motto with you":

"When you lose your money, you lose nothing. When you lose your health, you lose something. When you lose your character, you lose everything."

― Robert Lacey

### III. Conclusion - Order to Show Cause

Wherefore, for good cause shown, plaintiffs have demonstrated by a preponderance the satisfaction of both prongs of the jurisdictional requirement test, as set forth in 28 U.S.C. § 1332(a). Accordingly, the parties are completely diverse and the amount in controversy more likely than not exceeds $75,000, so this Court does have subject-matter jurisdiction and this action should not be dismissed for lack of jurisdiction and that this Honorable Court retain jurisdiction over this matter.

                                Respectfully submitted,

                                Eric J. Fernandez Law Offices, PLLC

                                s/ Eric J. Fernandez                      .
                                By: Eric J. Fernandez, (OH-0067104)
                                Attorney for Plaintiffs

Dated: May 29, 2023

## CERTIFICATE OF SERVICE

I hereby certify that these pleadings have been electronically filed with the Clerk of the Court via the Electronic Case Filing system which will send notice of filing to all attorneys of record.

                                                          s/ Eric J. Fernandez                      .

Dated: May 29, 2023