UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAM FUSCO,
NANCY RUSSELL, and
HANNAH SOHNLE,                                         No. 23-11146

       Plaintiffs,                                            Honorable Nancy G. Edmunds

v.

AMBER ROSS,
A.R., a minor, and
STRONG WATER MALAMUTES,

       Defendants.
_____/

**ORDER DISMISSING CASE WITHOUT PREJUDICE**

This case arises from what Plaintiffs themselves describe as a "joke" that took place when they had a hound dog dressed in an Alaskan Malamute costume enter the ring during the junior judging portion of a dog show competition. (ECF No. 2.) Plaintiffs allege that Defendant A.R. exhibited "tantrum-like behavior" after placing third in the competition and Defendant Amber Ross made "false and misleading statements" about them, such as that they "ruined any chance A.R. had for exhibiting his dog well" and that they mistreated an animal. Plaintiffs now bring defamation claims against Defendants under state law in this Court based on diversity jurisdiction. Upon initial review of the complaint, the Court issued on order requiring Plaintiffs to show cause in writing as to why this case should not be dismissed for lack of subject matter jurisdiction

1

as set forth in 28 U.S.C. § 1332(a).[1] (ECF No. 4.) The Court's order required Plaintiffs to address both the citizenship of the parties as well as the jurisdictional amount in controversy requirement. The order also provided notice under Eastern District of Michigan Local Rule 41.2 of the Court's intention to dismiss this case on its own motion for lack of federal jurisdiction, unless Plaintiffs could demonstrate that the Court does have jurisdiction over this case. Plaintiff has responded to the Court's order to show cause. (ECF No. 6.)

In their complaint, Plaintiffs stated that Defendant Strong Water Malamutes ("Defendant") is an unregistered entity headquartered in Texas but did not provide the citizenship of its members and sub-members.[2] *See Delay v. Rosenthal Collins Grp., Inc.*, 585 F.3d 1003, 1005 (6th Cir. 2009) ("The general rule is that all unincorporated entities . . . have the citizenship of each partner or member."). Plaintiffs now state that a "Google internet search" reveals "publications that appear to be authored in a first-person context where the defendant, Amber Ross, refers to herself as the owner of Strong Water Malamutes and declares its operations to be located in Longview, Texas, and that she has been a resident of Texas for over 23 years." (ECF No. 6, PageID.144-45.) This assertion and the accompanying exhibits suggest Defendant is a citizen of Texas but do not eliminate the possibility that Defendant may have other members and therefore also be a citizen of the same states as one or more of the plaintiffs—Michigan,

---

[1] "[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009).

[2] The Court's order also requested information regarding the citizenship of Plaintiffs Nancy Russell and Hannah Sohnle, but Plaintiffs' response satisfactorily addresses the citizenship of those parties.

2

Colorado, or Wisconsin. Thus, Plaintiffs have not met their burden of showing the parties are diverse.

With regard to the amount in controversy, Plaintiffs assert in their complaint that they have suffered damage "to their name, loss of reputation, lost wages, loss of earning capacity, emotional distress in excess of $75,000, actual, exemplary, and punitive damages, and attorney fees as allowed by statute." (ECF No. 2, PageID.53-54.) In response to the Court's order, Plaintiff Pam Fusco has provided an affidavit stating in part that she is aware of two potential real estate buyers who opted for other realtors as a result of the defamatory statements made by Defendant Amber Ross resulting in about $10,800 in lost commissions and that she has spent about two hundred hours "defending her character" resulting in about $10,000 in lost income.[3] (ECF No. 6-1, PageID.186-88.) Yet, Plaintiffs assert that they satisfy the amount in controversy requirement due to their request for punitive damages. The jurisdictional amount in controversy analysis takes into account the availability of punitive damages "unless it is apparent to a legal certainty that such cannot be recovered." *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 408 (6th Cir. 2007) (internal quotation marks and citation omitted). Punitive damages are available in a defamation action in Michigan where the defendant acts with common-law malice in publishing the libel. *Peisner v. Detroit Free Press, Inc.*, 364 N.W.2d 600, 606 (Mich. 1984). Here, Plaintiffs allege that Defendants

---

[3] Plaintiff Sohnle has also submitted an affidavit (ECF No. 6-1, PageID.191-93) but does not provide an estimate of the amount of loss as a result of the hours spent defending her character. Regardless, where there is more than one plaintiff, the plaintiffs' damages cannot be combined to meet the amount-in-controversy requirement. *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 823 (6th Cir. 2006).

3

published the allegedly defamatory statements with bad faith or ill will. However, courts have found jurisdiction lacking in cases that rely on large punitive damage requests to meet the amount in controversy requirement. *See, e.g.*, *Klepper v. Osborne*, No. 94-5571, 1994 U.S. App. LEXIS 28710, at *3-4 (6th Cir. Oct. 11, 1994); *Toikka v. Jones*, No. 12-204-DLB, 2013 U.S. Dist. LEXIS 35537, at *15 (E.D. Ky. Mar. 12, 2013) ("refus[ing] to permit Plaintiffs to shoehorn an essentially local action in to federal court through extravagant or invalid punitive damage claims") (internal quotation marks and citation omitted). Because Plaintiffs rely in large part on their request for punitive damages, the Court finds they have not satisfied the Court's order to show cause as to the amount in controversy requirement.

In sum, Plaintiffs have not met their burden of showing that this Court has jurisdiction to hear this case. Thus, Plaintiffs' complaint is DISMISSED WITHOUT PREJUDICE to refiling in the appropriate state forum.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: June 29, 2023

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 29, 2023, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager

4