UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAM FUSCO,
NANCY RUSSELL, and
HANNAH SOHNLE,  No. 23-11146

      Plaintiffs,  Honorable Nancy G. Edmunds

v.

AMBER ROSS,
A.R., a minor, and
STRONG WATER MALAMUTES,

      Defendants.
_____/

**ORDER DENYING PLAINTIFFS'
MOTION FOR RECONSIDERATION [11]**

On June 29, 2023, the Court entered an order dismissing without prejudice Plaintiffs' defamation case brought under state law in this Court based on diversity jurisdiction. (ECF No. 9.) The Court found that Plaintiffs had not met their burden of showing that the parties are diverse or the amount-in-controversy requirement is met. Plaintiffs now bring a motion for reconsideration of that order. (ECF No. 11.)

Plaintiffs first note that along with their motion they contemporaneously filed a notice of voluntary dismissal of Defendant Strong Water Malamutes "to eliminate the diversity of citizenship issue." But the notice of voluntary dismissal was filed *after* this case was dismissed and judgment was entered. Thus, Plaintiffs' notice does not change the analysis with regard to the citizenship of the parties.

With regard to the amount-in-controversy, Plaintiffs rely in part on their previous arguments regarding their request for punitive damages. But a motion for

1

reconsideration is "not the proper vehicle to relitigate issues previously considered." *See Nagle Indus., Inc. v. Ford Motor Co.*, 175 F.R.D. 251, 255 (E.D. Mich. 1997) (internal quotation marks and citation omitted). Plaintiffs also suggest that the Court's refusal to allow them to rely on their punitive damages' request to satisfy the amount in controversy requirement denies them their right to a jury trial under the Seventh Amendment of the United States Constitution. However, the right to a jury trial is not triggered where there is no basis for federal jurisdiction. Plaintiffs also state that "[a] strong presumption against federal court jurisdiction requires clear evidence to the contrary" and that "[t]his Court offered no clear evidence to the contrary." (*See* ECF No. 11, PageID.254 (citing *Boghozian v. Jaguar Land Rover N. Am., LLC*, 2019 U.S. Dist. LEXIS 72061, at *2 (C.D. Cal. Apr. 29, 2019)).) A lack of evidence to the contrary of a presumption *against* federal court jurisdiction, however, supports dismissal. And it is the party who seeks federal jurisdiction, not the Court, who has the burden to overcome that presumption. As the Court previously found, Plaintiffs have not met that burden.

For the foregoing reasons, Plaintiffs' motion for reconsideration is DENIED.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: July 14, 2023

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 14, 2023, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager